IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

URBIN ADAN LOPEZ-PEREZ                                                        PETITIONER

v.                         Case No. 06-3029

LARRY NORRIS, Director,
Arkansas Department of Correction                                      RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Urbin Adan Lopez-Perez, an inmate of the Arkansas Department of Correction (ADC) brings a self-prepared petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Larry Norris moves to dismiss the petition. I directed Lopez-Perez to complete a questionnaire as his response. (Docs. 12, 13).

DISCUSSION

In July 2003, Lopez-Perez was found guilty by a Carroll County jury of delivery of methamphetamine. He was sentenced to 18 years in the ADC. On appeal, he argued that the trial court erred in failing to suppress video-taped statements and in allowing the State to amend the information on the day of trial. The Arkansas Court of Appeals affirmed in an unpublished opinion, finding no error. *Lopez-Perez v. State*, CACR-04-167 (Ark. App. Sept. 29, 2004) (Resp's Ex. C).

In November 2004, Lopez-Perez filed a post-conviction petition pursuant to Arkansas Rules of Criminal Procedure 37 claiming that his attorney failed to preserve issues for appeal, failed to move for dismissal or directed verdict, and was unprepared for the charge in the amended

information; the prosecutor improperly vouched for the informant and other prosecution witnesses; and, during interrogation, he did not understand his rights and was not provided an attorney. (Resp's Ex. F).

The circuit judge denied the Rule 37 petition without a hearing (Resp's Ex. G). Lopez-Perez filed a timely notice of appeal but did not tender the record to the appellate court within 90 days of the notice of appeal as required by Arkansas Rules Appellate Procedure, Civil Rule 5(a). He then sought leave to lodge the record belatedly which the appellate court treated as a motion for rule on the clerk. As reason for the delay, he stated he did not speak or read English well and was unfamiliar with Arkansas law. He also stated he filed an extension of time to lodge the record that was not acted upon by the court. The appellate court found that Lopez-Perez had not shown good cause and denied the motion for belated appeal/motion for rule on the clerk. (Resp. Ex. H).

In the instant action, filed on May 26, 2006, Lopez-Perez claims the following:

1. His counsel failed to preserve issues for appeal;

2. The prosecutor improperly vouched for witnesses;

3. He was not advised of his *Miranda* rights prior to questioning and was denied an attorney during videotaped interrogation;

4. The trial court erred in instructing on delivery of methamphetamine;

5. The evidence was insufficient to convict;

6. The arrest was unlawful.

**Ground Three – Motion to Suppress for Violation of Miranda Rights**

Claim three with respect to *Miranda* rights was decided adversely to Lopez-Perez in the state courts. Lopez-Perez argued to the circuit court that videotaped statements taken by the police in

violation of his *Miranda* rights and his Sixth Amendment right to counsel should be suppressed. After a suppression hearing, the circuit court determined that Lopez-Perez's statements were admissible. On appeal, the Arkansas Court of Appeals held that the circuit court did not err in finding no violation of *Miranda* rights. Because Lopez-Perez did not address on appeal any argument regarding the Sixth Amendment, that matter was left unaddressed. *Lopez-Perez, supra*, n. 1.

In its opinion, the Arkansas Court of Appeals cited facts indicating that Lopez-Perez was advised of and understood his *Miranda* rights, including that at the beginning of the videotaped statement an interpreter translated into Spanish *Miranda* warnings given by the police officer and Lopez-Perez read a Spanish version of the warnings. The warnings included the right to hire an attorney prior to or during questioning, to have an attorney even if he could not afford one, and to stop answering until he spoke with an attorney. Lopez-Perez verbally advised the interpreter and officer that he understood his rights and initialed a *Miranda* form.

Lopez-Perez argued on appeal that he mechanically initialed the form and did not confirm that he understood the warnings. The Court of Appeals concluded that "[t]his may be true; however he gave verbal indications that he understood the warnings. Given the totality of the circumstances, we cannot say that the circuit court's decision not to suppress Lopez-Perez's statements was against the preponderance of the evidence." *Lopez-Perez v. State, supra*, at 9.

In rendering its decision, the Arkansas Court of Appeals relied on the following law:

> The State has the burden of showing that appellant's confession was made after a voluntary, knowing, and intelligent waiver of his rights. *Stegall v. State*, *supra*. This court must determine whether appellant "waived his rights with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Rankin v. State,* 338 Ark. 723, 731, 1 S.W.3d 14, 18-19 (1999). In

making this determination, we must consider his "age, experience, education, background, and intelligence, and . . . whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights." *Stegall,* 340 Ark. At 196, 8 s.W.3d at 546 (quoting *Clay v. State*, 318 Ark. 122, 883 S.W.3d 822 (1994)).

*Lopez-Perez, supra*, at 3.

A writ of habeas corpus shall not be granted to a state prisoner with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d)(1)(2).

Here, the record supports the findings of the Arkansas Court of Appeals that Lopez-Perez was properly given and understood his rights in compliance with *Miranda v. Arizona*, 384 U.S. 436 (1966). Further, there is nothing to show this was one of those "rare cases" in which a defendant's self-incriminating statements were compelled by threats, violence or direct or implied promises despite the fact he received *Miranda* warnings. *Berkemer v. McCarty*, 468 U.S. 420, 433 (1984). *See Colorado v. Connelly*, 479 U.S. 157 (1986). The state court's resolution of this claim did not result in an unreasonable application of clearly established law or an unreasonable determination of facts. Thus, the claim will not be addressed on the merits in federal court.

**Remaining Claims**

The State contends the remaining claims were procedurally defaulted because they were not properly presented to the state courts. A state prisoner must present his petition to the proper state court and take any appeal to the highest available appellate court. *Picard v. Connor*, 404 U.S. 270,

275 (1971); *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996). Failure to appeal from denial of post-conviction relief is a default. *See Lowery v. Groose*, 28 F.3d 816, 818 (8th Cir. 1994).

Federal courts refuse to consider claims procedurally defaulted at the state level absent a showing of cause for the default and actual prejudice or factual innocence. *Bousley v. United States*, 523 U.S. 614, 618 (1998). "Cause" for a default is generally shown where some "objective factor external to the defense" prevented presentation of claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Of the claims remaining here, three were presented in the Rule 37 petition – Claim 1, denial of an attorney during interrogation; Claim 2, the prosecutor vouched for his witnesses; and the portion of Claim 3 asserting denial of an attorney during interrogation. However, these claims were procedurally defaulted on direct appeal when Lopez-Perez failed to properly lodge the record in a timely fashion. Further, Claims 4, 5, and 6 were procedurally defaulted when not presented on direct appeal or in the Rule 37 petition.

When asked in the questionnaire why he failed to timely lodge the record from the denial of Rule 37 relief, Lopez-Perez stated that he had no legal assistant who spoke Spanish to aid with his appeal and did not understand the appeal process. When asked about his failure to raise claims 4, 5, and 6 in the Rule 37 petition, he responded that he had no Spanish-speaking assistant and did not understand the Rule 37 proceeding.

Lopez-Perez has not shown "cause" for his procedural defaults. Ignorance of legal arguments and procedural matters based on pro se status is not "cause" for procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Further, being less than proficient in the English language is not a circumstance "external to the defense." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th

Cir. 2004)(citing *Murray v. Carrier*, 477 U.S. at 488). Moreover, the record shows that despite insufficiencies in English language skills, Lopez-Perez was able to file a timely Rule 37 petition setting out various claims and filed a notice of appeal.

Finally, Lopez-Perez has not shown that his procedural defaults should be excused based on innocence. A claim of actual innocence to excuse a procedural default must be supported with new reliable evidence, such as credible declarations of guilt by another, trustworthy eyewitness accounts, or exculpatory scientific evidence. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir.), *cert. denied*, 117 S.Ct. 403 (1996). Here, nothing is provided to indicate that Lopez-Perez is factually innocent of the crime of which he is convicted.

CONCLUSION

Based on the above, I recommend that the instant petition be dismissed with prejudice. **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written recommendations may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 6th day of September 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE